TORRUELLA, Circuit Judge,
(Dissenting).
I am once again forced to dissent from the decision taken by a majority of this panel. I believe that the district court acted correctly in seeking to preserve its jurisdiction under the All Writs Act, that the order does not conflict with the Per Curiam this Court issued on November 2, 2012 and that vacating said order at this point will indeed bring about the uncertainty and confusion that the panel has feared all along.
The Per Curiam this Court issued on November 2, 2012 clearly stated that the Court was “persuaded that plaintiff had established a likelihood of success on her federal election claim under HAVA,” but that it was yet to be determined if the remedy could include the reinstatement of voters in the list of voters for the general elections, as opposed to their reinstatement in the list of voters for the election for Resident Commissioner alone. Therefore, what the Court considered to be undetermined is whether it could order the I-8s to be reinstated as active voters in the general elections. It also found that there were no findings as to the feasibility of ordering the reinstatement of the voters in question only as to the election for Resident Commissioner. According to the Per Curiam, the lack of findings as to the feasibility of reinstating the I-8s for purposes of the election for the Resident Commissioner, along with doubts regarding its own competency and authority to craft a same day recusal procedure, were major concerns for the majority.
Not content with having succeeded in preventing the I-8s’ reinstatement, Defendant-Appellant sought an order from the Commonwealth’s court system to have the State Elections Commission (“CEE,” for its initials in Spanish) produce the 1-8 lists so that poll workers could bar the people appearing on said list who show up at the polling stations from casting provisional ballots through the “added-by-hand” procedure contemplated the Puerto Rico Election Code and the provisional ballot contemplated in HAVA.
*148 The Supreme Court of Puerto Rico initially denied Defendant-Appellant Mun-do’s attempt to have the case lifted from the Court of First Instance to the Supreme Court by means of a intrajurisdic-tional certification. The Supreme Court, in denying the initial request, gave the Court of First Instance specific instructions on how it expected the latter to decide the issue on the merits. It also made it clear that 1-8 voters who attempted to vote “added-by-hand” could face up to three years of jail time. Because the Court of First Instance did not act with the speed the Supreme Court deemed appropriate, the Supreme Court decided to reconsider its prior denial and take up the case de novo. Thereafter, in a Per Curiam opinion issued on November 3, 2012, it found that 1-8 voters should not be allowed to vote in the “added-by-hand” polling stations and that any such voter who attempted to do so could face up to three years imprisonment. As Plaintiff-Appel-lee points out, the Supreme Court only interpreted the 1-8 voters’ right to cast provisional ballots under the Electoral Code. It thus “left the federal issue to be adjudicated ... by the [District] Court.” Response to Appellant Mundo-Ríos’ Emergency Motion for a Stay Pending Appeal and/or Urging Immediate Vacatur, and in the Alternative a Writ of Mandamus, at 6.
Given the above scenario Plaintiff-Ap-pellees requested that the district court issue a remedy to safeguard the right of the 1-8 voters to cast provisional ballots pursuant to HAVA. The district court thus issued an order under the All Writs Act, 28 U.S.C. § 1651(a) with the sole and exclusive purpose of preserving its jurisdiction over Plaintiff-Appellees’ federal and constitutional law claims. The order states that it “does not contemplate the actual, immediate reactivation on November 6 of any 1-8 voters.” It does, however, seek to “preserve its power to ultimately resolve the controversies before it instead of engaging in an exercise of futility.”
In my view the district court’s order does not contradict the Per Curiam issued by this Court on November 2, 2012. The Per Curiam related to the Court’s reasons for denying a preliminary injunction which sought the reinstatement of the 1-8 voters to the active voter list. The effect of having issued the preliminary injunction would have been that the ballots cast by the I-8s on election day would have been considered valid live ballots since the moment they were cast. The ballots that would have been cast pursuant to the district court’s order, by contrast, would have been provisional ballots that would have only been counted once the validity of the constitutional and federal law claims was established.
I consider the district court’s order to be a valid attempt by the district court to preserve its jurisdiction to determine if relief for Plaintiff-Appellees’ constitutional and federal law claims is proper. On November 2, 2012, I reluctantly joined the other members of the panel in denying Plaintiff-Appellants’ request for emergency relief. I note, however, that I did so only because I did not consider that this Court could fashion such a remedy moments after the Per Curiam issued. Evidently, the situation is different now that the district court has taken appropriate steps to preserve its jurisdiction. In my view, the district court’s order deserves deference and should be left untouched especially given that the President of the CEE, Defendant-Appellant Héctor Conty-Pérez has manifested both on the radio and via the written media in Puerto Rico that he has already fully complied with the district court’s orders. The undersigned personally heard him state on the radio *149 that ballots were sent to the “added-by-hand” polling stations to accommodate the I-8s who seek to cast provisional ballots and that the district court’s order had been translated, published and would be posted tomorrow at every polling station. This Court’s vacation of the district court’s order will in fact now bring about the chaos that has been predicted.
I dissent.